BECKER ET AL., APPELLEES, *v.* SHAULL; LONG ET AL., APPELLANTS.

[Cite as *Becker v. Shaull* (1992), 62 Ohio St.3d 480.]

(No. 90–2132—Submitted November 20, 1991—
Opinion announced February 12, 1992. )

*Calhoun, Benzin, Kademenos & Heichel* and *J. Eric Fleischauer,* for appellees.

*Sauter & Hohenberger* and *Wayne P. Hohenberger,* for appellant Clayton Long.

*Baran, Piper, Tarkowsky & Fitzgerald* and *Gary A. Piper,* for appellants Hensons.

STRAUSBAUGH, J. The main issue before this court is whether the trial court committed prejudicial error in failing to instruct the jury as requested with respect to R.C. 5589.06. More specifically, we are confronted with the question of whether an individual is negligent *per se* in altering or grading his or her premises so as to cause a diversion of water onto a public highway. For the reasons that follow, we answer such query in the negative.

R.C. 5589.06 states in relevant part:

"No person shall wrongfully obstruct any ditch, drain, or watercourse along, upon, or across a public highway, or divert any water from adjacent lands to or upon a public highway.  * * * "

Here, we have the task of determining whether the statute's reference to "wrongfully" modifies the language "divert any water from adjacent lands to or upon a public highway.  * * * "  As a general rule of statutory construction, a statute enacted for the safety and protection of the public can impose a specific requirement to do or not to do a particular act, or it can prescribe merely a general rule of conduct. A violation of the former type constitutes negligence *per se,* whereas a violation of the latter may be negligence. See *Koppelman v. Springer* (1952), 157 Ohio St. 117, 119, 47 O.O. 95, 96–97, 104 N.E.2d 695, 696; *Ornella v. Robertson* (1968), 14 Ohio St.2d 144, 43 O.O.2d 246, 237 N.E.2d 140.

This court has held that the distinction between negligence and negligence *per se* " * * * is the means and method of ascertainment.  * * * " *Swoboda v. Brown* (1935), 129 Ohio St. 512, 522, 2 O.O. 516, 521, 196 N.E. 274, 278. Thus, in considering a charge based upon negligence, the jury must make a

determination whether the violation of the statute constitutes negligence based upon the facts, conditions and circumstances disclosed by the evidence. However, when considering a charge based upon negligence *per se*, which results from the violation of a specific requirement of law, the only factual determination for the jury is the commission or omission of the act prohibited or required. *Id.*

In *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440, paragraph three of the syllabus, this court set forth the standard for determining the effect to be given to the violation of a statute, holding that:

"Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se; but where there exists a legislative enactment expressing for the safety of others, in general or abstract terms, a rule of conduct, negligence per se has no application and liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case."

Further, the *Eisenhuth* court explained:

"In other words, if a positive and definite standard of care has been established by legislative enactment whereby a jury may determine whether there has been a violation thereof by finding a single issue of fact, a violation is negligence per se; but where the jury must determine the negligence or lack of negligence of a party charged with the violation of a rule of conduct fixed by legislative enactment from a consideration and evaluation of multiple facts and circumstances by the process of applying, as the standard of care, the conduct of a reasonably prudent person, negligence per se is not involved." *Id.* at 374–375, 53 O.O. at 278, 119 N.E.2d at 440.

In applying the standard in *Eisenhuth* to the language in R.C. 5589.06 which states that "[n]o person shall wrongfully obstruct any ditch, drain, or watercourse along * * * a public highway," we find that the duty expressed lacks the specificity required to impose negligence *per se* upon the finding of a violation. The prohibition cited above is stated in general or abstract terms, and requires the consideration of more than a single issue of fact to determine whether a violation has occurred. In order to find that defendants were negligent in obstructing the ditch along the highway, the trier of fact must not only make a determination that the ditch was obstructed, but must further determine whether such obstruction was wrongfully caused, giving rise to the question of whether defendants acted with due care in regarding the property. What constitutes "wrongfully" obstructing a ditch can involve a very subjective analysis. There are many potential situations in which a homeowner

could engage in activity deemed to result in the obstruction of a ditch but which produces no actionable harm.[1] In sum, the above language of R.C. 5589.06 does not impose a fixed and absolute duty which is the same under all circumstances, but rather leaves to the trier of fact a determination from all of the facts and circumstances of each particular case whether the alleged violator acted as would a reasonably prudent person.

While appellees acknowledge that the term "wrongfully" under R.C. 5589.06 modifies the verb "obstruct," appellees raise the issue of whether "wrongfully" also modifies the verb "divert." Thus, appellees argue that if the term "wrongfully" does not modify "divert," then the statute contains a specific prohibition under an *Eisenhuth* analysis.

In reviewing R.C. 5589.06, we hold that the term "wrongfully" modifies both "obstruct" and "divert." The sentence at issue begins with a negative expression, *i.e.*, "[n]o person shall wrongfully * * *." By the use of the positive conjunction "or" before the word "divert," we find that the General Assembly intended the clauses to read as one unit. Had the General Assembly intended to create a separate thought regarding the diversion of water, it could have easily separated the first clause from the second by inserting a negative conjunction such as "nor." Thus, we do not agree with appellees' contention that there is ambiguity concerning whether the word "wrongfully" modifies the term "divert."

Accordingly, in order for an individual to be liable under R.C. 5589.06 for the diversion of water from adjacent lands to or upon a public highway, he or she must be found negligent, by a trier of fact, in failing to act as a reasonably prudent person would under the circumstances.

Assuming, *arguendo*, that the statute is unclear on this issue, we still find appellees' argument unpersuasive. In light of our prior conclusion that at least a portion of the statute prescribes a general standard of conduct, and given a lack of clarity in the language at issue, we would decline to hold that a violation of this statute provides the basis for negligence *per se.*[2]

---

1. We do not hold that the term "wrongfully" would in all cases negate the invocation of a specific statutory standard of care. However, in the context of R.C. 5589.06, we find that the term connotes a general standard of conduct.

2. We note that while we hold that a negligence *per se* instruction was not warranted in this case, it could be argued that such an instruction was gratuitously given regarding the portion of R.C. 5589.06 proscribing the diversion of water to or upon a public highway. The trial court's instruction for that provision stated in relevant part:

   "If you find that defendants Henson and Long * * * altered the natural condition of the land abutting Hanley Road causing diversion of water onto Hanley Road, then a finding that the

For the reasons set forth above, we reverse the judgment of the court of appeals and reinstate the original jury verdicts and the judgment of the trial court.

*Judgment reversed.*

MOYER, C.J., SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.

DEAN STRAUSBAUGH, J., of the Tenth Appellate District, sitting for HOLMES, J.

DOUGLAS, J., dissenting. I respectfully dissent. I would affirm the judgment of the court of appeals.

defendants had notice of such diversion is not a necessary prerequisite of a finding they are liable. * * *"