OGLE et al., Appellants,

v.

KELLY, Appellee.

[Cite as *Ogle v. Kelly* (1993), 90 Ohio App.3d 392.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920383.

Decided Sept. 22, 1993.

*Nancy J. Gill,* for appellants.

*James E. Thaxton,* for appellee.

GORMAN, Judge.

The plaintiffs-appellants, Jean and Delbert Ogle, Irene Bryant, Rosa Lowry, Harold Waller, Obie Williams, and Vyvyan Twitty, appeal from the summary judgment granted by the trial court in favor of the defendant-appellee, Paul A. Kelly, denying their claims for property damage because of Kelly's alleged negligence. In their two assignments of error, the plaintiffs contend that the

trial court committed error by finding that (1) Kelly was a "landlord out of possession and control" and not liable for a condition existing on leased premises he owned, and (2) relevant testimony concerning the length of time a drain was obstructed was subject to the hearsay exclusion. Plaintiffs' assignments of error are not well taken.

On August 30, 1988, Kelly purchased the lot and residence at 48 Glenwood Avenue from Charles and Carrie Sanders. He leased the premises back to the Sanderses for five years under a lease-purchase agreement. The Sanderses continued to occupy the premises. On February 14, 1989, Cincinnati's Division of Storm Water Management Utility addressed a letter to Mr. Sanders requiring him to clean the storm sewer drain on the property. Following a rainstorm on April 28, 1989, the plaintiffs, who are neighboring property owners on Merzen Court, sustained damage from flooded basements and garages. They maintained that the obstructed storm sewer drain at the rear of Kelly's property had diverted water from his property onto their property, thereby causing their damage.

The trial court issued an eleven-page explanation of its judgment, captioned "Findings of Fact and Conclusions of Law on Summary Judgment." Because summary judgment assumes that genuine issues of material fact are not in dispute, findings of fact and conclusions of law, pursuant to Civ.R. 52, and summary judgment, pursuant to Civ.R. 56, are incompatible. Only after construing the facts most strongly in favor of the party opposing the motion can the trial court enter summary judgment if it appears that reasonable minds can come to but one conclusion adverse to the party opposing the motion. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The function of summary judgment is to determine from the affidavits and other evidentiary materials if triable factual issues exist. The judge cannot assess the credibility of the witnesses, draw inferences, or weigh the evidence. *Fuller v. German Motor Sales, Inc.* (1988), 51 Ohio App.3d 101, 554 N.E.2d 139; *Grant v. Ohio Dept. of Liquor Control* (1993), 86 Ohio App.3d 76, 619 N.E.2d 1165.

In this case, the trial court's resort to findings of fact and conclusions of law in its entry of judgment was inappropriate, but the record establishes that the facts it adopted in support of the summary judgment were agreed to by the parties. What the trial court labeled as findings of fact and conclusions of law was, in reality, the trial court's well-reasoned memorandum of decision.

Attempting to find a deeper pocket than the Sanderses, plaintiffs argue that Kelly, the landlord property owner, is liable in trespass and for damages from surface waters. In *McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.* (1980), 62 Ohio St.2d 55, 59–60, 16 O.O.3d 41, 44, 402 N.E.2d 1196, 1200, the

Ohio Supreme Court adopted the "reasonable-use rule" for surface waters, set forth in 4 Restatement of the Law 2d, Torts (1965) 108–142, Sections 822–831. The court specifically rejected other common-law theories of liability for surface waters in favor of a rule providing that where the damage to neighboring property owners is not based on intentional misconduct and there are no abnormally dangerous conditions or activities, an owner "incurs liability only when his harmful interference with the flow of surface water is unreasonable." *Id.* Under a rule of reasonableness, determined on a case-by-case basis, the essence of liability is measured by principles of common-law negligence. The pivotal issue is whether a condition on the premises represents a foreseeable and unreasonable risk of harm. *Id.* at 61, 16 O.O.3d at 44, 402 N.E.2d at 1201; *Armstrong v. Williamsburg of Cincinnati* (July 18, 1990), Hamilton App. No. C–890106, unreported, 1990 WL 99949.

■ In granting summary judgment the trial court correctly concluded that Kelly was not in possession and control of the premises and was not liable to third parties for the condition of the storm sewer drain. At common law, a "landlord out of possession and control" is a defense which applies to either commercial or residential leases. *Hendrix v. Eighth & Walnut Corp.* (1982), 1 Ohio St.3d 205, 1 OBR 230, 438 N.E.2d 1149. The Ohio Supreme Court has determined that if the landlord does not retain the right to admit or exclude persons from the leased premises, neither does the landlord reserve the possession or control necessary for imposition of liability because of the condition of the premises. *Id.* at 207, 1 OBR at 232, 438 N.E.2d at 1151.

■ Under paragraph 6 of the lease, it was the Sanderses' duty to maintain the leased premises in good condition and to "pay for all repairs and maintenance." Plaintiffs' assertion that Kelly was under the duty to make repairs because the lease merely provided that the tenant was to "pay" for repairs is fatuous. Unless the Ohio Supreme Court elects to modify or reject the common-law rule, the lessor of a single-family residence does not retain control of the yard of exterior of the premises in the same manner that the owner of a multiunit building retains control of hallways, driveways and other common areas.

■ Because the Sanderses were continuously in default for payment of rent from January 1989 and knew of the obstruction for a minimum of two and one-half months, the plaintiffs contend that the question of Kelly's possession and control of the premises is governed by the language which allows the lessor to enter the premises "at any time subject to the rights of residential tenants" for inspection and to make repairs if repairs are not made by the tenants. (Cf. R.C. 5321.04[A][8], mandating twenty-four-hour notice by the landlord before entry except in emergency.) Specifically, the Ohio Supreme Court has held this

reservation in a lease to provide only a limited right which is insufficient for control by the lessor. *Hendrix, supra,* at 207, 1 OBR at 232, 438 N.E.2d at 1151.

■ Neither is plaintiffs' contention that nonpayment of rent and Kelly's awareness that on April 29, 1989, Mr. Sanders was in jail sufficient to confer upon Kelly an absolute right to reenter between January and April 1989 under the default clause in paragraph 8. During that period, the Sanderses were tenants at will retaining the right of exclusive possession. Although Kelly had a right to terminate the lease by written notice, as a matter of law he was under no duty to do so. *Coward v. Fleming* (1951), 89 Ohio App. 485, 46 O.O. 289, 102 N.E.2d 850. Because Kelly, the lessor, did not retain control of the premises, as the trial court properly concluded, he is not liable for damages sustained by neighboring property owners from the condition of the storm sewer drain on his premises.

■ The plaintiffs next contend that the obstructed storm sewer drain violated Cincinnati Municipal Code 720–13 of the Stormwater Management Code, which is negligence *per se.* Section 720–13 provides in part:

"The owner shall be responsible for stormwater drainage facilities located on private property where runoff will principally be collected within that property. The owner shall clean and maintain the facility or channel as required to ensure proper operation."

Violation of this ordinance is a first-degree misdemeanor.

In *Becker v. Shaull* (1992), 62 Ohio St.3d 480, 584 N.E.2d 684, the Ohio Supreme Court determined that R.C. 5589.06, which similarly provides that "[n]o person shall wrongfully obstruct any ditch, drain or watercourse * * * across a public highway," was a general rule of conduct rather than a specific safety statute rendering the owner negligent *per se.* Relying on *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 374–375, 53 O.O. 274, 278, 119 N.E.2d 440, 444, the court concluded that if the standard of care established by the legislature is stated in general terms requiring more than consideration of a single factual issue to determine if the violation occurred, it lacks the specificity to impose negligence *per se* for any violation. *Becker v. Shaull, supra,* 62 Ohio St.3d at 483, 584 N.E.2d at 686. In *Becker,* the court found that answers to two issues were required by the statute: (1) Was the ditch obstructed, and (2) if so, was the obstruction wrongfully caused? It held that if two issues are raised by the statute, the question is one of due care since the owner does not create actionable harm solely by obstructing the ditch. *Id.* at 483–484, 584 N.E.2d at 686.

Cincinnati Municipal Code 720–13 is located within the "General Regulations" chapter. It similarly requires the answer to two issues: (1) Was the storm sewer drain obstructed, and (2) was Kelly "required" by the city "to clean the facility?" The ordinance does not impose an absolute duty on property owners which is the

same in all circumstances. As a penal ordinance, Section 720–13 does not modify common-law negligence principles that the landlord is to exercise reasonable care to inspect and repair premises under his control. *Tair v. Rock Invest. Co.* (1942), 139 Ohio St. 629, 23 O.O. 141, 41 N.E.2d 867. Therefore, violation of Section 720–13 is not negligence *per se* with regard to the property owner.

Finally, plaintiffs contend that the trial court committed error by granting summary judgment on their claim of nuisance by concluding that the storm sewer drain was not obstructed when Kelly purchased the property and that he did not create or maintain the obstruction.

Nuisance is "a distinct civil wrong, consisting of anything wrongfully done or permitted which interferes with or annoys another in the enjoyment of his legal rights." *Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 436, 28 O.O. 369, 373, 55 N.E.2d 724, 729. Under Ohio law, a nuisance has been classified as one of the following: (1) an absolute nuisance, which imposes strict liability, or (2) a qualified nuisance, which depends on proof of negligence. *Id.* at paragraphs two and three of the syllabus. The Ohio Supreme Court explained the difference in *Metzger v. Pennsylvania, Ohio & Detroit RR. Co.* (1946), 146 Ohio St. 406, 32 O.O. 450, 66 N.E.2d 203, paragraphs one and two of the syllabus:

"1. An absolute nuisance, or nuisance *per se*, consists of either a culpable and intentional act resulting in harm, or an act involving culpable and unlawful conduct causing unintentional harm, or a nonculpable act resulting in accidental harm, for which, because of the hazards involved, absolute liability attaches notwithstanding the absence of fault.

"2. A qualified nuisance, or nuisance dependent on negligence, consists of an act lawfully but so negligently or carelessly done as to create a potential and unreasonable risk of harm, which in due course results in injury to another. [*Taylor v. Cincinnati* (1944), 143 Ohio St. 426, 28 O.O. 369, 55 N.E.2d 724, approved and followed.]" See, also, *State ex rel. Schoener v. Hamilton Cty. Bd. of Commrs.* (1992), 84 Ohio App.3d 794, 619 N.E.2d 2.

When examining the claim of absolute nuisance against the record, we find no evidence, explicit or implicit, to support plaintiffs' argument because (1) the damages sustained by plaintiffs were not a necessary consequence of any intentional act by Kelly; (2) any violation of Cincinnati Municipal Code 720–13 is not negligence *per se* for the reasons previously stated; and (3) the obstructed storm sewer drain did not render Kelly liable under the doctrine of *Rylands v. Fletcher* (1868), L.R. 3 H.L. 330.

Under a claim of qualified nuisance, the allegations of nuisance merge to become a negligence action. *Allen Freight Lines, Inc. v. Consol. Rail Corp.* (1992), 64 Ohio St.3d 274, 595 N.E.2d 855. Even if applicable to private property,

qualified nuisance cannot be a basis for liability when, as the trial court correctly concluded, as a matter of law, the undisputed facts conclusively establish that Kelly was a "landlord out of possession and control."

Plaintiffs' first assignment of error is overruled.

Plaintiffs' second assignment of error contends that the trial court erroneously excluded evidence that was admissible under the hearsay exceptions in Evid.R. 803(6) and (8). Attached to the affidavit of A. Samuel George, principal engineer, is an authenticated letter, dated February 14, 1989, to Mr. Sanders from T.A. Stitt, City of Cincinnati Department of Public Works, Division of Storm Water Management Utility, which states:

"It has been brought to my attention that a private drain-drain facility (storm intake) located within the bounds of the above-named parcel * * * is partially clogged with large amounts of driftwood and other debris."

The plaintiffs' argument that the statement is an exception to the hearsay rule, as a business or a public record, does not alone prevent exclusion for the defendant's motion for summary judgment. As provided by Civ.R. 56, although the letter was attached to the affidavit to authenticate it, the statement was apparently received from another source by Stitt and was not "made on personal knowledge." Stitt's statement, as we view it, however, is admissible evidence to prove that the Sanderses and Kelly had notice of both the partially obstructed drain for two and one-half months and the city's order of removal. Since this statement is not offered to prove the truth of the matter asserted, it is not hearsay under the definition set forth in Evid.R. 801(C). See *Knor v. Parking Co. of Am.* (1991), 73 Ohio App.3d 177, 184, 596 N.E.2d 1059, 1063. The requirement of Civ.R. 56(E) that affidavits must be "made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify" is to provide some substantial guarantee of trustworthiness. We hold that the rule is simply to prevent the affiant's use of inadmissible hearsay. Admissibility of the statement provides the safeguard of reliability and trustworthiness, even if the witness is not the declarant, and does not restrict its consideration under Civ.R. 56.

Although the trial court should not have excluded the statement because it was admissible, plaintiffs have failed to demonstrate the prejudice essential for reversible error pursuant to Evid.R. 103(A) and Civ.R. 61. See *Leichtamer v. Am. Motors Corp.* (1981), 67 Ohio St.2d 456, 474–475, 21 O.O.3d 285, 297, 424 N.E.2d 568, 581. The controlling issue of liability was determined by Kelly's

status as a "landlord out of possession and control." The second assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and BETTMAN, J., concur.