[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
The Green County Common Pleas Court dismissed the personal injury action of plaintiff-appellant upon summary judgment. She appeals, assigning three errors:
ASSIGNMENT OF ERROR NO. 1
 THE COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 ASSIGNMENT OF ERROR NO. 2
 THE COURT ERRED IN FAILING TO CONSIDER THE STATEMENT OF APPELLEE'S EMPLOYER WHEN IT GRANTED APPELLEE SUMMARY JUDGMENT.
 ASSIGNMENT OF ERROR NO. 3
 THE COURT ERRED IN FINDING THAT SIGN WAS ADVISORY IN NATURE, AND THAT ITS ABSENCE WAS NOT A PROXIMATE CAUSE OF THE ACCIDENT, AND DID NOT GIVE RISE TO A PRIVATE CAUSE OF ACTION BETWEEN APPELLANT AND APPELLEE.
Construing the evidence most strongly in appellant's favor, Civ.R. 56(C), the facts are: On June 11, 1995, appellant went to an Amoco Corporation, Omega Service Station for the purpose of purchasing gasoline. She began self-service by pumping gas into her car, using the "hold-open" latch on the pump while she attended to washing the car windows.
At the time she inserted the nozzle she testified there was no gasoline on the ground. While washing the rear window from the passenger side she heard the pump "click" off. When she went to remove the nozzle from the tank, she slipped and fell on gasoline, landing on her back. She did not look for gasoline when she went around the back of the car to disconnect the nozzle, having noticed there was none before she started.
She first became aware of gasoline on the ground after she fell and found it all over her back.
Appellant went to the station to report the accident, and two employees came outside with her. There was a "stream of gasoline" running from her automobile to the street, a distance of several car lengths. The male employee told appellant that he had been telling the manager that the gas pumps had not been cutting off.
Several months after the accident, appellant went back to the station and observed no warning sign cautioning "persons using dispensers with hold-open latches must remain at the refueling point during refueling." Appellee cannot say that there was such a sign at the time of the accident.
Although not required so to do, the trial court favors the parties and us with a detailed opinion and decision in support of his summary judgment. Our appellate review is de novo. LorainNatl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. We have independently examined the supplications of the parties pursuant to Civ.R. 56.
We reverse the summary judgment and remand the case for further proceedings to the Greene County Common Pleas Court. Our reasons follow.
Inasmuch as the ruling on the First Assignment of Error hinges upon the resolution of the Second and Third, we address them first.
 Second Assignment of Error
The plaintiff-appellant attached to her "Memorandum Contra Defendant's Motion for Summary Judgment" an affidavit which recited, inter alia:
 2. After she slipped on the gasoline, she went into the station to report the accident. She told a male and female employee of Defendant what had happened, and both employees came outside to look at the gasoline spill. The male employee told her `he had been telling the manager that the gas pumps had not been cutting off.'
Affidavit of Margie Huss.
No direct testimony was presented on this question of prior and continuing condition.
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein. Civ.R. 56(E).
Although the trial court was requested to strike paragraph 2, above, from the affidavit, the trial court never ruled thereupon. However, the court did not reference the statement in its decision and rationale for sustaining the motion, notwithstanding significant argument, by brief, on both sides of the admissibility issue.
Appellant relies upon Ogle v. Kelly (1993), 90 Ohio App.3d 392
for the proposition that the purpose of Civ.R. 56(E) is to prevent the use of inadmissible hearsay.
"Admissibility of the statement provides the safeguard of reliability and trustworthiness, even if the witness is not the declarant, and does not restrict its consideration under Civ.R. 56." Ogle, supra, at 399.
Appellee argues that reliance upon Ogle is misplaced. That case is one where the hearsay was tendered, not for the truth of the matter asserted, but simply to show notice.
Both parties direct our attention to Haack v. Bank One,Dayton, N.W. (Apr. 11, 1997), Montgomery App. No. 16131, unreported. There, a summary judgment was reversed where the trial court struck an entire affidavit where only part of it was not based on personal knowledge. Unlike the attributed testimony in the case sub judice, the objectionable portion of the affidavit in Haack dealt with a "belief" that certain events took place. The court stated:
 A belief is no more than a conviction of the truth of a proposition which is subjectively held. It arises not from actual perception or knowledge, but by way of inference, or from evidence received or information derived from others * * *. Therefore it is not a form of "personal knowledge" required by Civ.R. 56(E) for affidavit statements.
 Haack, supra.
Ohio courts have generally held that "personal knowledge" as required by Civ.R. 56(E) is "knowledge of factual truth which does not depend on outside information or hearsay." Shah v. Getz
(June 30, 1994), Wood App. No. 93WD117, unreported, or "knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay,"Brannon v. Rinzler (1991), 77 Ohio App.3d 749, at 756.
Here the issue focuses upon the question of whether a material, factual statement in a summary judgment affidavit is to be held to the same standard as to admissibility at trial, or a higher standard focused on personal knowledge of the declarant. The Ninth District Court of Appeals focused on the admissibility test, rather than personal knowledge, in Allgood Mun. Equip.Supply Inc. V. Artino (Oct. 1, 1997), Summit App. No. 18184, unreported. There, the court paid homage to the personal knowledge requirement but went on to say that the trial court erred in striking affidavit statements that "fall within exceptions to the hearsay rule and are thus admissible in evidence. See Evid.R. 803. As such, the affidavit may be considered in ruling on the summary judgment motion." Id.
The statement in question here is not hearsay, therefore the question of whether an Evid.R. 803 exception should apply is irrelevant. The Ohio Evidence Rules render an admission by a party-opponent not to be hearsay.
A statement is not hearsay if:
* * *
 (2) Admission by Party-Opponent. The statement is offered against a party and is
 (a) his own statement, in either his individual or a representative capacity, or
* * *
 (d) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship
* * *
Evid.R. 801(D).
In our case the plaintiff, affiant, expressed personal knowledge that the employee, agent, of defendant said what is quoted.
We conclude that the challenged content of the affidavit qualifies for consideration upon summary judgment as having been made with personal knowledge that the admission of the agent of the party opponent was, in fact, made.
Thus the fact, albeit challenged, of prior knowledge of an existing hazardous condition, malfunctioning cutoff valve on the gas pump, that caused or allowed gasoline to continue to flow, creating a hazardous slippery condition on the ground that proximately caused slip and fall and injury to the appellant, is in evidence.
Appellee argues that even if such evidence is admitted it only shows a temporary, or intermittent condition, and does not rise to the level of hazardous. Waddell v. Fisher Foods, Inc.
(Apr. 4, 1985), Cuyahoga App. No. 48895, unreported. We observe that the hazardous condition is not the intermittent spill of gasoline on the ground, but, rather, the malfunctioning cutoff valve on the gas pump. It is the failure to maintain the gas pump, not clean up the gas spill, that is the object of genuine, material dispute, as raised by the testimony of the appellant.
Appellee owed to appellant, a business invitee, a duty to exercise ordinary care in maintaining the premises in a safe condition for its intended use. Perry v. Eastgreen Realty Co.
(1978), 53 Ohio St.2d 51; Light v. Ohio University (1986),28 Ohio St.3d 66.
It is a genuine issue of material fact as to whether the cutoff valve on the gas pump was malfunctioning, allowing pumped gas to not stop and overflow onto the ground, and whether this fact was known to the appellee. Summary judgment is therefore inappropriate. Civ.R. 56(B). Other issues, relative to the negligence liability of the appellee, remain, including proximate cause and contributory negligence.
Appellant's Second Assignment of Error is sustained.
Third Assignment of Error
 (A) Each filling station offering self-service shall be operated in accordance with national fire protection association standard number 30A-1990, and the provisions of the "Occupational Safety and Health Act of 1970," 84 Stat. 1590, 5 U.S.C.A. 5108, and any amendments thereto and standards adopted thereunder.
 (B) The fire marshal shall adopt, as part of the state fire code, rules governing the equipment, operation, and maintenance of filling stations. The rules shall be such as are necessary for the protection of the persons and property of the public, but shall require as a minimum that:
 (1) Gasoline and other flammable or combustible liquids be dispensed only by a person who is not smoking;
 (2) A sign, in block letters at least four inches in height, be conspicuously displayed on each gasoline pump island where self-service is offered stating that it is a self-service island;
 (3) Signs giving instructions for the operation of gasoline dispensing equipment, in block letters, be conspicuously posted at each filling station offering self-service;
 (4) A sign bearing the following words in block letters be conspicuously posted on each gasoline pump island where self-service is offered:
(a) "STOP ENGINE";
(b) "NO SMOKING";
 (c) "WARNING — IT IS UNLAWFUL AND DANGEROUS TO DISPENSE GASOLINE INTO UNAPPROVED CONTAINERS";
 (d) "PERSONS USING DISPENSERS WITH HOLD-OPEN LATCHES MUST REMAIN AT THE REFUELING POINT DURING REFUELING".
 (5) All signs required by this section be constructed of rigid, weather-resistant material;
 (6) Gasoline dispensing nozzles used by any person other than a supervisor, employee, or attendant be of an approved automatic closing type. Any person other than a supervisor, employee, or attendant using a dispenser with a hold-open latch shall remain at the refueling point during refueling.
 (C) The fire marshal shall not prohibit the operation of a filling station offering self-service solely because it is an unattended filling station that utilizes key- or card-operated self-service flammable or combustible liquid dispensing equipment.
 (D) Nothing in this section shall be interpreted to prohibit the fire marshal from adopting reasonable rules governing the safety of self-service flammable or combustible liquid dispensing equipment.
R.C. 3741.14.
The issue of whether this statute, clearly identifying duties for which accountability is owed the state fire marshall, is unique and appears to be one of first impression.
A threshold question is whether the nonmoving party — the appellant — has presented evidence demonstrating that the required signage was not in place at the time of the accident. As a general rule it is more difficult to demonstrate that a condition did not
exist, or an event did not take place, than to prove that it is or did. This because that information is more unique to the adverse party. The question of whether the signage was in place at the time of the accident is uniquely within the scope of knowledge of the station, not the plaintiff, claimant.
Here, the only evidence presented by the nonmoving party was testimony that several months later she returned to the station and observed no such sign. She also testified that at the time of the accident she neither looked for, nor saw, such sign.
We conclude that the trial court correctly denied summary judgment on the basis of the R.C. 3741.14 claim, and we do not reach the question of whether that statute is applicable.
Appellant's Third Assignment of Error is overruled.
 First Assignment of Error
For the reason stated above, in our ruling upon the second assignment of error, we sustain the first assignment of error, reverse the judgment of the trial court, and remand this cause to said court for further proceedings according to law and consistent with this opinion.
GRADY, P.J. and GREY, J., concur.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. Lawrence Grey, Retired from the Court of Appeals, Fourth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio
Copies mailed to:
David A. Orlins
Robert Bartlett, Jr.
Hon. Thomas M. Rose