**ESTATE OF HAAS et al., Appellants,**

v.

**GRANGE MUTUAL CASUALTY COMPANY, Appellee.**

[Cite as *Estate of Haas v. Grange Mut. Cas. Co.,* 161 Ohio App.3d 623, 2005-Ohio-3031.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–040742.

Decided June 17, 2005.

McCaslin, Imbus & McCaslin, L.P.A., Thomas J. Gruber, and Stephen M. Bernat, for appellants.

Davidson, Adams & Creach Co., L.P.A., Dennis L. Adams, and Jill A. Keck, for appellee.

MARK P. PAINTER, Judge.

{¶ 1} Plaintiffs-appellants Donald Haas, Barbara Haas, and the estate of Steven Haas (collectively, "the Haases") appeal the trial court's grant of summary judgment in favor of defendant-appellee Grange Mutual Casualty Company, as well as the trial court's denial of their own motion for summary judgment. We affirm.

{¶ 2} In December 2002, Stephen Haas was driving his car south on Interstate 71. Andrew Bankemper and another unidentified driver were traveling along the same stretch of road. Bankemper was in the center lane, and Haas passed him in the right (exit) lane. At the same time, the unidentified driver passed Bankemper in the left lane. The two vehicles both tried to merge into Bankemper's lane in front of him, but the drivers must have noticed each other because they swerved to avoid a collision. Unfortunately, Haas swerved too hard and lost control of his car, which eventually rolled several times, killing Haas in the process. The unidentified car drove off. Bankemper stopped and waited for police to arrive on the scene. He told them his story and eventually gave his affidavit and a deposition that related his version of the events. Because Haas died and the other driver left the scene without being identified, Bankemper's story was the only one available.

{¶ 3} The Haases sued Grange, seeking to collect uninsured-motorist benefits. Both parties moved for summary judgment. The trial court denied the Haases' motion and granted summary judgment to Grange. On appeal, the Haases assign only one error—namely, that the trial court should not have granted summary judgment to Grange and should have granted the Haases' motion for summary judgment.

{¶ 4} We review summary-judgment determinations de novo, without deference to the trial court's ruling.[1] Summary judgment is appropriately granted when (1)

---

1. See *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 738 N.E.2d 1243.

there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can only come to a conclusion adverse to the nonmoving party when viewing the evidence in the light most favorable to the nonmoving party.[2]

{¶ 5} The recovery of uninsured-motorist benefits is permitted if there is independent third-party testimony that the negligence of an unidentified driver was a proximate cause of the accident.[3] There is no requirement that the evidence show that the vehicles actually came into contact with one another.[4]

{¶ 6} The key issue here is whether the record shows that the unidentified driver was negligent and that that negligence caused Stephen Haas's accident.

{¶ 7} But Bankemper's affidavit and testimony do not show any negligence on the part of the unidentified driver. He stated that the two cars passed him at the same time, that they tried to merge at the same time, and that both cars were about halfway into the lane before their drivers reacted. He said that Stephen Haas probably saw the other car first because Haas reacted first, and reacted more harshly than the other driver, swerving much faster and losing control. Bankemper agreed that each car's actions mirrored the other's up to the point when they swerved to avoid an accident. He also agreed that Haas's accident was caused by the fact that Haas jerked the wheel too hard, which caused the vehicle to do a spin, then flip over. The unidentified driver did not lose control.

{¶ 8} The Haases contend that the unidentified driver may have been comparatively negligent, so the case should have gone to a jury. And they point to R.C. 4511.33, which requires that a vehicle may not change lanes "until the driver has first ascertained that such movement can be made with safety."

{¶ 9} But Bankemper said nothing regarding whether either driver ascertained the safety of the merge. Therefore there is no evidence in the record that the unidentified driver failed to do so. Had Bankemper testified that the unidentified driver clearly failed to check for the safety of the merge, summary judgment for Grange would have been inappropriate. But he did not. Both drivers may well have looked—and at the time the lane change could have been made safely. It is not negligence not to anticipate another driver's intention to move into the same lane. Since each car's actions mirrored the other's, it is possible that neither, both, or only one of the drivers ascertained the safety of the

---

2. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

3. See *Girgis v. State Farm Mut. Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280.

4. See id.

merge prior to changing lanes. The record shows that it was not until after the two cars had entered the same lane that the situation became unsafe.

{¶ 10} Viewing the evidence in the light most favorable to the Haases, we conclude that the only negligence reflected in Bankemper's story was Stephen Haas's reaction. Summary judgment in favor of Grange was properly granted. We therefore overrule the Haases' sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

SUNDERMANN, J., concurs.

GORMAN, P.J., dissents.

GORMAN, Presiding Judge, dissenting.

{¶ 11} Whether the unidentified driver negligently operated his automobile must be determined in the context of R.C. 4511.33, which states that a driver shall not change lanes until he has "first ascertained that such movement can be made with safety." In R.C. 4511.33, the General Assembly has established a rule of conduct for the road. Thus, its application to the issue of liability is a jury question. See *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440, paragraph three of the syllabus; see, also, *Becker v. Shaull* (1992), 62 Ohio St.3d 480, 483, 584 N.E.2d 684.

{¶ 12} Under Ohio's statutory doctrine of comparative negligence, if both drivers were negligent and Haas's negligence was "not greater than" the negligence of the unidentified driver, he would be entitled to judgment, and the trial court would then have to reduce the damages proportionately by the amount equal to the percentage of Haas's negligence. See R.C. 2315.33 and 2315.35. If a jury found that Haas and the unidentified driver were each 50 percent at fault, the wrongful-death plaintiffs would be entitled to a judgment for damages reduced proportionately by the jury's finding of Haas's percentage of fault.

{¶ 13} To prevail on its motion for summary judgment, Grange Mutual was required to show that with the evidence construed most strongly in favor of the plaintiffs, reasonable minds could come to but one conclusion, and that conclusion was adverse to them. See Civ.R. 56(C). Here, there are genuine issues of material fact relative to breach of duty and proximate cause that must be resolved by a jury.

{¶ 14} The only witness to the event, Andrew Bankemper, testified by deposition that both drivers, each unaware of the other, started merging from their lanes into the same lane at the same time. He said that their actions "mirrored the actions of the other." In response to counsel's question, he agreed that "both

cars' behavior was exactly the same from the time * * * [he] first saw them pass * * * [and] there wasn't anything that one car did or didn't do that the other car didn't * * *." He surmised that Haas saw the unidentified vehicle and cut his wheel to the right to avoid the collision.

{¶ 15} The majority concludes that neither driver was negligent until Haas reacted by jerking his automobile to the right. Surely, however, if any sort of contact between his automobile and the unidentified driver's automobile had occurred before he lost control, the majority would have been reluctant to conclude, as a matter of law, that there was no genuine issue of material fact regarding the unidentified driver's breach of a duty of reasonable care or proximate cause.

{¶ 16} Bankemper did testify that the accident was caused when Haas "jerk[ed] his vehicle hard, right," but he also characterized it as an "evasive maneuver" to avoid the collision. Bankemper's testimony created factual issues relative to liability that can be determined only by a jury.