{¶ 33} I respectfully dissent.
 {¶ 34} "Under a rule of reasonableness for surface waters, determined on a case-by-case basis, the essence of liability is measured by principles of common-law negligence." Ogle v. Kelly (1993),90 Ohio App.3d 392, 396; Chudzinski v. Sylvania (1976) 53 Ohio App.2d 151,156-157. In order to sustain an actionable claim for negligence, the complaining party must establish (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting therefrom.Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677,680, 1998-Ohio-602.
 {¶ 35} Here, neither party disputes that the drainage system on the Mill Creek property, as designed and built, was more than adequate to handle a "ten-year" rain. Appellant has failed to submit any Civil Rule 56 evidence of testimony establishing that (1) there actually was debris blocking the drain on appellee's property, and (2) what remedial actions to prevent any blockage would constitute reasonable maintenance measures.
 {¶ 36} Absent such evidence or testimony, the trial court was left to speculate as to the existence of debris and thus, whether appellee met the reasonableness standard. It is well-settled that an inference of negligence on the part of a defendant "can not be based upon evidence that is too uncertain or speculative, or which raises merely a conjecture or possibility." Mahvi v. Stanley Builders, 11th Dist. No. 2004-G-2607, 2005-Ohio-6581, at ¶ 28, citing Bragg v. Swann SuperCleaners, Inc. (Mar. 26, 1981), 10th Dist. No. 80AP-840, 1981 Ohio App. LEXIS 12857, at *6 (citation omitted). The purpose of summary judgment is to prevent such speculation.
 {¶ 37} For that reason, the decision of the Trumbull County Court of Common Pleas should be affirmed.