[Cite as *Dase v. Creston Ins. Ctr.*, 2018-Ohio-5312.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

JEFFREY K. DASO, et al.

     Appellants

     v.

CRESTON INSURANCE CENTER, LLC,
et al

     Appellees

C.A. No.     17AP0039

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2016 CVC-H 000259

DECISION AND JOURNAL ENTRY

Dated: December 31, 2018

CALLAHAN, Judge.

{¶1} Appellants, Jeffrey K. Daso and Daso Custom Cabinetry (collectively, "Daso"), appeal an order that granted summary judgment to Creston Insurance Center and Brenda Rhoads. This Court affirms.

I.

{¶2} In August 2015, a fire destroyed Daso Custom Cabinetry's facility and inventory. At the time, Daso was insured under a policy obtained through Creston Insurance Center ("Creston") and insurance agent Brenda Rhoads and issued by Motorists Mutual Insurance Company ("Motorists") that contained policy limits of $208,000 for the structure and $100,000 for inventory. Daso's losses from the fire far exceeded the policy limits, and Motorists paid out the policy limits as a result.

{¶3} Daso filed an action against Creston and Ms. Rhoads alleging that they breached a fiduciary duty and that Ms. Rhoads negligently failed to inspect the facility to determine its value

under R.C. 3929.25. In connection with the negligence claim, Daso asserted that a violation of R.C. 3929.25 established negligence per se. Daso moved for partial summary judgment with respect to liability; Creston and Ms. Rhoads moved for summary judgment on each of Daso's claims. The trial court granted summary judgment to Creston and Ms. Rhoads on both claims, and Daso appealed.

II.

**ASSIGNMENT OF ERROR**

> THE WAYNE COUNTY COURT OF COMMON PLEAS ERRED IN HOLDING THAT OHIO REVISED CODE SECTION 3929.25 IS INAPPLICABLE TO A NEGLIGENCE ACTION BROUGHT BY AN INSURED AGAINST HIS INSURANCE AGENT IN GRANTING DEFENDANTS/APPELLEES' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF/APPELLANTS['] MOTION FOR SUMMARY JUDGMENT ON LIABILITY ONLY.

{¶4} Daso's assignment of error is that the trial court erred by granting summary judgment to Creston and Ms. Rhoads. Specifically, Daso argues that the trial court erred by concluding that R.C. 3929.25 does not apply in negligence cases and urges this Court to conclude that a violation of R.C. 3929.25 establishes negligence per se. Daso has not pursued the claim for breach of fiduciary duty or the argument that a violation of R.C. 3929.25 is evidence of negligence apart from negligence per se in this appeal.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). According to Civ.R. 56(C), summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In this case, the material facts are not disputed, so this Court's review is limited to whether Creston and Ms. Rhoads were entitled to summary judgment as a matter of law.

{¶6} "[A] statute enacted for the safety and protection of the public can impose a specific requirement to do or not to do a particular act, or it can prescribe merely a general rule of conduct." *Becker v. Shaull*, 62 Ohio St.3d 480, 482 (1991). Violation of a statute that imposes a specific duty for the protection of others constitutes negligence per se. *Taylor v. Webster*, 12 Ohio St.2d 56 (1967), citing *Schell v. DuBois*, 94 Ohio St. 93 (1916) and *Eisenhuth v. Moneyhon*, 161 Ohio St. 367 (1954). Violation of such a statute is sufficient to establish the breach of a duty, but does not establish *liability* per se: a plaintiff must still prove both proximate cause and damages. *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 23, quoting *Sikora v. Wenzel*, 88 Ohio St.3d 493, 496-497 (2000).

{¶7} Even if a statute imposes a specific obligation for the public's benefit, demonstrating that the statute has been violated does not automatically establish negligence per se:

> [I]t is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute, and that he would not have been injured if the duty had been performed, but to entitle him to recover, he must further show that such duty was imposed for his benefit, or was one which the defendant owed to him for his protection and security, from the particular loss or injury of which he complains.

*Hocking Valley Ry. Co. v. Phillips*, 81 Ohio St. 453, 462 (1910). In other words, a plaintiff who seeks to establish negligence per se must fall within the class of individuals protected by the statute and the harm alleged must be the harm that the statute seeks to prevent. *See Shump v. First Continental-Robinwood Assocs.*, 71 Ohio St.3d 414, 420 (1994); *Smrtka v. Boote*, 9th Dist. Summit No. 28057, 2017-Ohio-1187, ¶ 38, citing *Neuenschwander v. Wayne Cty. Children Servs. Bd.*, 92 Ohio App.3d 767, 770 (9th Dist.1994).

{¶8} Daso maintains Ms. Rhoads failed to inspect the premises as required by R.C. 3929.25, which provides:

A person, company, or association insuring any building or structure against loss or damage by fire or lightning shall have such building or structure examined by his or its agent, and a full description thereof made, and its insurable value fixed, by such agent. In the absence of any change increasing the risk without the consent of the insurers, and in the absence of intentional fraud on the part of the insured, in the case of total loss the whole amount mentioned in the policy or renewal, upon which the insurer received a premium, shall be paid. However, if the policy of insurance requires actual repair or replacement of the building or structure to be completed in order for the policyholder to be paid the cost of such repair or replacement, without deduction for depreciation or obsolescence, up to the limits of the policy, then the amount to be paid shall be as prescribed by the policy.

The cellar and foundation walls shall not be considered a part of such building or structure in settling losses, despite any contrary provisions in the application or policy.

Even if this Court assumes that R.C. 3929.25 applies in negligence cases and imposes a specific obligation upon insurers for the public benefit, it does not apply in this case to establish negligence per se because the harm of which Daso complains is not the harm that the statute seeks to prevent.

{¶9} As this Court has concluded in the past, "R.C. 3929.25, which is commonly referred to as the 'valued policy statute,' prevents insurers from over-insuring property, in an attempt to collect increased premiums, and then paying less than the policy limit if a building burns down and results in a total loss." *Horak v. Nationwide Ins. Co.*, 9th Dist. Summit No. 23327, 2007-Ohio-3744, ¶ 66, citing *McGlone v. Midwestern Group*, 61 Ohio St.3d 113, 115 (1991). The language of the statute is consistent with this reasoning. The inspection required by R.C. 3929.25 is the basis for calculating the "insurable value" of the premises, and the insurable value determines the policy limits. When the insured suffers a total loss of the property, the policy limits must be paid. R.C. 3928.25.

{¶10} In this case, however, Daso does not complain that Motorists Mutual overinsured the facility and failed to pay the full amount of his policy limits. It is undisputed that Motorists

Mutual paid the policy limits, but Daso's losses exceeded them. Instead, Daso's position is that R.C. 3929.25 establishes that Creston and Ms. Rhoads are negligent per se because his policy limits were too low. Consequently, the harm that Daso allegedly suffered is not the harm that R.C. 3929.25 aims to prevent. Even if R.C. 3929.25 applies in negligence cases and imposes a specific obligation for the safety and protection of the public, it cannot be used to demonstrate negligence per se in this case.

{¶11} Daso's assignment of error is overruled.

### III.

{¶12} Daso's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

                                 LYNNE S. CALLAHAN
                                 FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

KENNETH J. FISHER, Attorney at Law, for Appellants.

FRANK H. SCIALDONE, JOSEPH F. NICHOLAS, JR., and MICHAEL P. BYRNE, Attorneys at Law, for Appellees.