[Cite as *Wicks v. Lover's Lane Market`*, 2025-Ohio-2215.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RONDA WICKS, Administrator of the
Estate of PARIS D. WICKS II, etc.

    Appellant

    v.

LOVER'S LANE MARKET, et al.

    Appellees

C.A. No.    31236

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2015-08-4200

DECISION AND JOURNAL ENTRY

Dated: June 25, 2025

HENSAL, Judge.

{¶1}    Ronda Wicks, administrator of the Estate of Paris D. Wicks, II appeals a judgment of the Summit County Court of Common Pleas that granted Lover's Lane Market's motion for summary judgment. For the following reasons, this Court affirms.

I.

{¶2}    In 2013, a group attacked and killed Mr. Wicks outside of the Market. Ms. Wicks subsequently sued the Market, two of its employees, and the men who committed the attack, alleging wrongful death, gross negligence, and multiple theories of negligence. The Market moved for summary judgment, which the trial court granted. On appeal, this Court reversed as to Ms. Wicks's gross negligence, negligence per se, and respondeat superior claims because the Market had not made arguments for them in its motion for summary judgment. *Wicks v. Lover's Lane Market*, 2019-Ohio-2614, ¶ 7 (9th Dist.) ("*Wicks I*").

{¶3} On remand, the Market filed another motion for summary judgment, which the trial court granted. On appeal, this Court determined that the court had incorrectly struck police reports and a summary log of surveillance video that Ms. Wicks had submitted in opposition to that motion for summary judgment. *Wicks v. Lover's Lane Market*, 2022-Ohio-2652, ¶ 17 (9th Dist.) ("*Wicks II*"). It also determined that the trial court incorrectly concluded that Ms. Wicks's gross negligence, negligence per se, and respondeat superior claims were limited to issues related to the sale and consumption of alcohol by a minor. *Id.* at ¶ 22. It further concluded that the trial court did not have authority to reconsider Ms. Wicks's negligence claim on remand. *Id.* at ¶ 25.

{¶4} On remand, the trial court reconsidered the Market's second motion for summary judgment. The court examined the police reports that Ms. Wicks submitted in support of her opposition to the motion and determined that some of them were admissible while others were not. It also struck parts of the surveillance video log. The court granted summary judgment to the Market on Ms. Wicks's remaining claims, concluding that there was not a genuine issue as to whether it was foreseeable to the Market that Mr. Wicks would be assaulted, robbed, and murdered on its premises, whether the Market sold alcohol to any minors on the day of the attack, or whether the Market allowed the possession of weapons inside the store. Ms. Wicks has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY CONSIDERING THE SECOND MOTION FOR SUMMARY JUDGMENT AFTER THIS COURT IN WICKS I AND WICKS II HAD RULED THAT DEFENDANTS HAD FAILED TO PROPERLY MOVE FOR SUMMARY JUDGMENT ON THE NEGLIGENCE PER SE, GROSS NEGLIGENCE AND RESPONDEAT SUPERIOR CLAIMS.

{¶5} In her first assignment of error, Ms. Wicks argues that the trial court incorrectly allowed the Market to file a second motion for summary judgment. According to her, it is law of the case that the Market's original motion did not make a proper summary judgment argument as to her negligence per se, gross negligence, and respondeat superior claims. She also argues that the Market has waived its argument as to her remaining claims and that, after the second remand, the Market should not be permitted to raise issues that previously had been disqualified.

{¶6} Ms. Wicks's argument is not supported by the record. Following this Court's first remand, the Market did file a second motion for summary judgment. The trial court granted the motion, and Ms. Wicks appealed its decision to this Court as well as the court's ruling on a motion to strike that the Market filed. This Court determined that the trial court incorrectly granted the Market's motion to strike in full and remanded for the court to "review the police reports to determine which portions constitute admissible evidence." *Wicks II* at ¶ 14. This Court also concluded that the entire surveillance log should not have been struck. *Id*. at ¶ 17. This Court further determined that the trial court had incorrectly concluded that res judicata barred "consideration of evidence related to the element of duty as it related to the remaining claims." *Id*. at ¶ 24. We "remanded for proceedings consistent with this decision." *Id*. at ¶ 27.

{¶7} On remand, the Market did not file a new motion for summary judgment. The trial court merely reconsidered the Market's motion to strike and its second motion for summary judgment, consistent with this Court's decision. To the extent that Ms. Wicks argues that the Market was barred from arguing in its second motion for summary judgment that it was entitled to judgment on her negligence per se, gross negligence, and respondeat superior claims, that is an argument that she could have made in her original response to the motion and then on appeal to

this Court. Accordingly, her argument is barred by res judicata. *See State v. O'Neal*, 2015-Ohio-5181, ¶ 6 (9th Dist.). Ms. Wicks's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO LLM.

{¶8}    In her second assignment of error, Ms. Wicks argues that the trial court incorrectly granted summary judgment to the Market on her negligence per se, gross negligence, and respondeat superior claims. Under Rule 56(C), summary judgment is appropriate if:

> [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial[.]" *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶9}    Regarding Ms. Wicks's negligence per se claim, this Court has explained that "[a] statute enacted for the safety and protection of the public can impose a specific requirement to do or not to do a particular act, or it can prescribe merely a general rule of conduct." *Daso v. Creston Insurance Center, LLC*, 2018-Ohio-5312, ¶ 6 (9th Dist.), quoting *Becker v. Shaull*, 62 Ohio St.3d 480, 482 (1991). "Violation of a statute that imposes a specific duty for the protection of others constitutes negligence per se." *Id*. Although the violation alone "is sufficient to establish the

breach of a duty, [it] does not establish liability per se: a plaintiff must still prove both proximate cause and damages." *Id*. Furthermore, "[e]ven if a statute imposes a specific obligation for the public's benefit . . . a plaintiff who seeks to establish negligence per se must fall within the class of individuals protected by the statute and the harm alleged must be the harm that the statute seeks to prevent." *Id*. at ¶ 7. These same principles apply to other types of legislative enactments. *See Wyatt v. Roses Run Country Club*, 2018-Ohio-4093, ¶ 10 (9th Dist.) (applying principles to city ordinances).

{¶10} Ms. Wicks argues that the Market allowed individuals to violate city ordinances that prohibit disorderly conduct, disturbing the peace, and assault as well as let them violate drug and gun laws. She argues that the individuals' acts are attributable to the Market because several of the individuals involved in the attack on Mr. Wicks had worked for the Market and because their criminal acts were foreseeable.

{¶11} In *Eisenhuth v. Moneyhon*, 161 Ohio St. 367 (1954), the Ohio Supreme Court explained the difference between a statute that imposes a specific duty for the protection of others and one that imposes only a general rule of conduct. It held that,

> Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se; but where there exists a legislative enactment expressing for the safety of others, in general or abstract terms, a rule of conduct, negligence per se has no application and liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case.

*Id*. at paragraph three of the syllabus. The city ordinances cited by Ms. Wicks do not impose specific duties on individuals but merely general rules of conduct. *See* Akron Municipal Code 132.01, 132.13, 135.03. Ms. Wicks's generalized reference to drug and gun laws also do not direct this Court to any provisions that command or prohibit specific acts. Because Ms. Wicks has not

identified any laws to which the doctrine of negligence per se could apply, we conclude that the trial court correctly determined that there are no genuine issues of material fact related to Ms. Wicks's negligence per se claim and that the Market is entitled to judgment on it as a matter of law.

{¶12} Regarding Ms. Wicks's gross negligence claim, this Court has explained that "[g]ross negligence is '[t]he intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another.'" *Skidmore v. Natl. Bronze & Metal of Ohio*, 2014-Ohio-4423, ¶ 24, quoting *Mohat v. Horvath*, 2013–Ohio–4290, ¶ 23 (11th Dist.). "[It] is such 'reckless and heedless conduct [as] would amount to a legal willful tort.'" *GMAC Mortg. Corp. v. Titch*, 2005-Ohio-868, ¶ 19 (9th Dist.), quoting *Payne v. Vance*, 103 Ohio St.3d 59, 69 (1921). "A successful gross negligence claim requires a plaintiff to 'show a duty and breach of that duty as the direct and proximate cause of an injury.'" *Licitri v. DiBaggio*, 2024-Ohio-1154, ¶ 16 (9th Dist.), quoting *Titch* at ¶ 19.

{¶13} Ms. Wicks argues that the Market owed Mr. Wicks a duty to maintain its premises in a reasonably safe condition. She also argues that the Market failed to protect Mr. Wicks even though there was ample evidence that the premises were unsafe and that the owners and employees knew it. Ms. Wicks contends that the Market is in a crime-ridden neighborhood, which should have put it on notice that safety was an issue. She notes that employees had to shoo away loiterers and even close the business at times because of them. She also notes that the manager carried a gun, that there was a gun behind the counter, and there were dozens of police reports filed in the two years before the attack. Ms. Wicks further argues that, even though it was foreseeable that Mr. Wicks would be attacked on the premises, the Market did not hire security, did not install

metal detectors, did not call the police on loiterers, and never attempted to stop loiterers from hanging out at the store. It even had some of the loiterers work for it.

{¶14} "A business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner." *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130 (1995), syllabus. In its ruling on the Market's first motion for summary judgment, the trial court determined that, construing the facts in the light most favorable to Ms. Wicks, the Market could not have foreseen the criminal acts of the individuals who attacked Mr. Wicks. Ms. Wicks did not challenge the court's determination in her appeal from that decision.

{¶15} "[If] an argument was or could have been raised in a prior appeal, res judicata bars consideration of that argument in subsequent appeals." *CitiMortgage, Inc. v. Lehner*, 2016-Ohio-874, ¶ 5. Ms. Wicks, therefore, may not seek review of whether the individuals' criminal acts were foreseeable by the Market. Because it previously has been established in this case that the criminal acts were not foreseeable, we conclude that the trial court correctly determined that the Market did not have a duty to warn or protect Mr. Wicks and that the Market was entitled to judgment as a matter of law on Ms. Wicks's gross negligence claim. *See Menifee v. Ohio Welding Products, Inc.*, 15 Ohio St.3d 75, 77 ("The existence of a duty depends on the foreseeability of the injury.").

{¶16} Regarding respondeat superior, the "doctrine makes an employer or principal vicariously liable for the torts of its employees or agents." *Auer v. Paliath*, 2014-Ohio-3632, ¶ 13. "It is well-established that in order for an employer to be liable under the doctrine of respondeat

superior, the tort of the employee must be committed within the scope of employment." *Byrd v. Faber*, 57 Ohio St.3d 56, 58 (1991).

**{¶17}** Ms. Wicks argues that Market employees were negligent for failing to warn Mr. Wicks that he was in danger of being attacked while on the premises of the Market. "In order to establish an actionable claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury that was proximately caused by the breach." *Rieger v. Giant Eagle, Inc.*, 2019-Ohio-3745, ¶ 10.

**{¶18}** The only duties that Ms. Wicks cites in support of her argument are the duty of a business owner to protect invitees to the premises and the duty of a business owner to protect individuals from criminal activity that the owner could foresee. She does not cite any authority suggesting that the employees of a business have an individual duty to warn or protect customers of a business. The Ohio Supreme Court has recognized that "there is no common-law duty to anticipate or foresee criminal activity." *Federal Steel & Wire Corp. v. Ruhlin Const. Co.*, 45 Ohio St.3d 171, 174 (1989). It has also recognized there is no duty to protect against an injury caused by third parties absent a special relationship. *Id.* at 173-174.

**{¶19}** Ms. Wicks has not argued or established that a special relationship existed between the employees of the Market and Mr. Wicks. Accordingly, there is no genuine issue whether the employees of the Market breached a duty that they owed to him, even if they foresaw that he could be attacked outside the store. Because Ms. Wicks has not established that there is a question of fact regarding whether the Market's employees were negligent, we conclude that the trial court correctly determined that the Market was entitled to judgment as a matter of law on her respondeat superior claim. Ms. Wicks's second assignment of error is overruled.

III.

{¶20} Ms. Wicks's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

KENNETH D. MYERS, Attorney at Law, for Appellant.

MARK A. GREER and RICHARD C.O. REZIE, Attorneys at Law, for Appellees.